# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **VALENTIN BELEVICH** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civil Action Number: |
| ) | **2:17-cv-1193-AKK** |
| **KLAVDIA THOMAS,** ) | |
| **TATIANA KUZNITSYNA,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

The court has for consideration the Plaintiff's motion for a protective order, doc. 40, seeking to exclude the Defendants from asking him questions about his pending charges for child molestation and possession of child pornography.[1] The Plaintiff has filed this lawsuit seeking to enforce the Defendants' financial support obligations as his sponsors under a Form I-864 Affidavit of Support. Doc. 1. The Defendants believe they are under no further obligation to support the Plaintiff and oppose the Plaintiff's motion, arguing that the criminal allegations are relevant to their equitable defenses to enforcement and because the Plaintiff may become "subject to removal" due to charges. *See* doc. 42. The court disagrees with the Defendants.

---

[1] Federal Rule of Civil Procedure 26(c)(1) states in part, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . ."

As an initial matter, even if the charges may lead to the Plaintiff's removal from the United States, the charges are already before this court and the specific details about what the Plaintiff did that led to his indictment is unnecessary to show that the Plaintiff may face deportation if a criminal jury convicts him. More importantly, these issues have no relevance to the statute at issue in this case. Under the Immigration and Nationality Act (INA), an affidavit of support is a binding agreement, enforceable by the sponsored beneficiary, under which the affiants are obligated to "provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." 8 U.S.C. § 1183a(a)(1)(A), (e); *see Rahman v. Chen*, 281 F. Supp. 3d 1124, 1125 (W.D. Wash. 2017). Criminal charges do not relieve the sponsor of her obligations. Rather, an affidavit of support remains enforceable until the immigrant either "is naturalized as a citizen of the United States" or until the immigrant has worked, or can be credited with, 40 qualifying quarters of coverage as defined under title II of the Social Security Act, 42 U.S.C. § 401 et seq." 8 U.S.C. § 1183a(a)(2)-(3). Also, the obligation terminates if the sponsored immigrant "[c]eases to hold the status of an alien lawfully admitted for permanent residence and departs the United States (if the sponsored immigrant has not abandoned permanent resident status, executing the form designated by USCIS for recording such action [sic] this provision will apply

only if the sponsored immigrant is found in a removal proceeding to have abandoned that status while abroad)[.]" 8 C.F.R. § 213a.2(e)(2)(i)(C).[2] Notably, divorce (which precipitated the Defendants' refusal to provide further support) is not one of the five grounds for termination specified by the statute and regulations. *See Erler v. Erler*, 824 F.3d 1173, 1176-77 (9th Cir. 2016).[3]

Based on the plain terms of the regulations and statute, that Belevich allegedly engaged in despicable acts that warrant a divorce and/or criminal charges against him is not one of the grounds for termination. Whether he will ultimately "[c]ease[] to hold the status of an alien lawfully admitted for permanent residence . . ." because of the pending criminal charges and thereby free the Defendants from the affidavit of support is a matter for the immigration courts to adjudicate at the

---

[2] Two other grounds provided by the Regulations are when the sponsored immigrant:
> "(D)[] Obtains in a removal proceeding a new grant of adjustment of status as relief from removal (in this case, if the sponsored immigrant is still subject to the affidavit of support requirement under this part, then any individual(s) who signed an affidavit of support or an affidavit of support attachment in relation to the new adjustment application will be subject to the obligations of this part, rather than those who signed an affidavit of support or an affidavit of support attachment in relation to an earlier grant of admission as an immigrant or of adjustment of status); or
> (E) Dies."

8 C.F.R. § 213a.2(e)(2)(i)(D)-(E).

[3] *See also* "When Will These Obligations End?," USCIS Form I-864, U.S. Citizen and Immigration Services, Department of Homeland Security (Mar. 6, 2018), https://www.uscis.gov/sites/default/files/files/form/i-864.pdf.

appropriate juncture. For the case before this court, however, having pending charges is irrelevant to this court's inquiry regarding whether the Defendants are obligated to provide support to Belevich as they represented to the Government that they would do when they sponsored him. In any event, details about Belevich's criminal charges are unnecessary to show that he may be deported if he is convicted.

To close, in construing a statute, "words are given their ordinary, plain meaning unless otherwise defined." *American Bankers Ins. Group v. U.S.*, 408 F.3d 1328, 1332 (11th Cir. 2005) (citation omitted). Moreover, because the courts "apply the canons of construction to regulations as well as statutes," the plain meaning of regulations generally governs absent clear conflict with the statute. *See Alboniga v. Sch. Bd. of Broward Cty. Fla.*, 87 F. Supp. 3d 1319, 1339 (S.D. Fla. 2015) (quoting *Cremeens v. City of Montgomery*, 602 F.3d 1224, 1227 (11th Cir. 2010)). Here, there is no apparent conflict between the regulations and the statutory language or the legislative purpose of preventing admission of an immigrant who "is likely at any time to become a public charge." *See Wenfang Liu v. Wund*, 668 F.3d 418, 420-22 (7th Cir. 2012) (quoting 8 U.S.C. § 1182(a)(4)(2) and finding that "the common law principle" of duty to mitigate did not serve the legislative purpose underlying Congress' creation of affidavits of support). Therefore, termination of a sponsor's obligation under an I-864 affidavit of support

appears limited to the five grounds enumerated by federal regulation and statute, *see* 8 C.F.R. § 213a.2(e)(2)(i); 8 U.S.C. § 1183a(a)(2)-(3), and inquiry into the underlying actions that led to the criminal indictment is overbroad, unduly prejudicial, and not relevant to the analysis the court must undertake in resolving this case.

Having shown good cause that discovery related to his criminal charges would cause undue burden, expense, and would implicate his Fifth Amendment right, the Plaintiff's motion for a protective order, doc. 40, is **GRANTED**. Accordingly, the Defendants are barred from requesting any discovery in the above-captioned case, whether written or oral, regarding or relating to any pending criminal charges against Valentin Belevich or to the allegations forming the basis of those charges.

**DONE** the 18th day of December, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE